UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. 2:17-cv-0169 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DAVEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an application to proceed in forma pauperis. (ECF No. 2.)

On February 21, 2017, plaintiff consented to the jurisdiction of the undersigned. (ECF No. 4.) For the reasons stated herein, plaintiff's application to proceed in forma pauperis is denied.

Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.

28 U.S.C. § 1915(g).

Plaintiff has incurred three prior strikes pursuant to 28 U.S.C. § 1915(g). Case No. 1:05-cv-1246 (E.D. Cal.) was dismissed on August 6, 2007, for failure to state a claim.[1] Case No. 2:05-cv-1063 (E.D. Cal.) was dismissed on August 28, 2006, for failure to state a claim. Case No. 2:07-cv-1825 (E.D. Cal.) was dismissed on February 5, 2008, for failure to state a claim.

For the following reasons, the undersigned finds that plaintiff does not meet the imminent danger exception to 28 U.S.C. § 1915(g). The imminent danger exception to 28 U.S.C. § 1915(g) applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Allegations of imminent danger that are overtly speculative or fanciful may be rejected. Id. at 1057 n.11.

An inmate can meet the imminent danger exception by alleging an ongoing danger. Id. at 1056. "The prisoner may meet this requirement by 'alleg[ing] that prison officials continue with a practice that has injured him or other similarly situated in the past,' Andrews, 493 F.3d at 1057, or that there is a continuing effect resulting from such a practice." Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015).

In addition, to meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff filed his complaint on January 25, 2017. (ECF No. 1.) At that time, plaintiff was housed at California State Prison-Sacramento ("CSP-Sac"), where he is still incarcerated. The

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

only named defendant is Dave Davey, the Warden of California State Prison-Corcoran ("Corcoran"). Plaintiff alleges that on May 22, 2015, he was transferred to the Corcoran Security Housing Unit ("SHU") "where [plaintiff] remained through the time he filed this lawsuit." (Id. at 3.) Plaintiff alleges that while housed in the Corcoran SHU, glaring lights were on 24 hours a day. (Id.) Plaintiff also alleges what while housed in the Corcoran SHU, he was subject to constant noise, deprived of shower shoes and other unsanitary conditions. (Id. at 4-6.) As relief, plaintiff requests money damages and "additional relief as the court may deem just and proper." (Id. at 6-7.)

On January 21, 2017, plaintiff filed a first amended complaint. (ECF No. 5.) The amended complaint names defendant Davey as a defendant and includes the same claims as raised in the original complaint. (Id. at 2-4.) The amended complaint includes an additional claim that plaintiff was not allowed to have his personal property while in the Corcoran-SHU. (Id. at 4.)

The amended complaint also alleges that plaintiff meets the imminent danger exception to 28 U.S.C. § 1915(g). (Id. at 4-5.) Plaintiff alleges that between June and October 2015, plaintiff was repeatedly transferred to the "CDCR Institution SHU." (Id. at 5.) Plaintiff alleges that, based on the multiple transfers he experienced, in addition to an impending transfer to another CDCR SHU, plaintiff claims a "live controversy" that is "capable of repetition." (Id.)

For the following reasons, the undersigned finds that plaintiff does not meet the imminent danger exception to 28 U.S.C. § 1915(g). At the time plaintiff filed his complaint and amended complaint, he was not housed at Corcoran, where the alleged deprivations occurred. While plaintiff alleges that he may soon be transferred to another CDCR SHU, he provides no specific allegations demonstrating that he expects to be returned to the Corcoran SHU. For these reasons, plaintiff has not demonstrated that he was under imminent danger of serious physical injury at the time he filed the original and amended complaints.

////

////

////

1   Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied; plaintiff is granted thirty days from the date of this order to pay the fee in the amount of $400.00; failure to pay the filing fee will result in dismissal of this action.

Dated:  March 23, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Her169.dis